UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDERS TRON-HAUKEBO,<br><br>                Plaintiff,<br>   v.<br>CLALLAM COUNTY, *et al.*,<br><br>                Defendants. | CASE NO. 3:23-cv-05521-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 15, 2023 |

The District Court has referred Plaintiff Anders Tron-Haukebo's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On June 20, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 9. The Court screened Plaintiff's proposed Complaint, identified deficiencies in the proposed Complaint, and directed Plaintiff to file an amended Complaint curing the deficiencies. *See* Dkt. 10. On July 31, 2023, Plaintiff filed a proposed amended Complaint. Dkt. 12.

REPORT AND RECOMMENDATION - 1

The Court has reviewed Plaintiff's proposed amended Complaint (Dkt. 12) and finds Plaintiff has not cured the deficiencies identified in the Court's Order Allowing Amended Complaint and Renoting Application to Proceed *In Forma Pauperis* ("Order") (Dkt. 10). Therefore, the Court recommends this case be dismissed without prejudice for failure to state a claim and the Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 9) be denied.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 9. Plaintiff has only $10.00 cash on hand and $100.00 in his bank accounts. *Id*. at 2. He lists his vehicle, motorhome, and approximately $975.00 of Walmart stock as assets. *Id*. His monthly expenses are $1,125.00. In a letter attached to his IFP Application, Plaintiff states he previously had a monthly income of $956.00 in social security benefits, and his application for unemployment compensation is pending. *Id*. at 3.

**Review of the Amended Complaint.** The Court has carefully reviewed the proposed amended Complaint in this matter. Because Plaintiff filed this proposed amended Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed amended Complaint, Plaintiff states Defendants have denied him the right to possess firearms under the Second Amendment of the U.S. Constitution and laws of the State of Washington. Dkt. 12. Plaintiff's claim appears to arise from the denial of a firearms license in Clallam County, Washington, due to a filed Order of Protection against him in

REPORT AND RECOMMENDATION - 2

Snohomish County, Washington. *Id*. at 3–4. Plaintiff also claims Defendants Tronsen and Braack conspired to bring false charges against him in order to get the Order of Protection. *Id*. at 5–6. In connection with these allegations, Plaintiff also asserts claims of libel and intentional infliction of mental-emotional distress. *Id*. at 1.

*Sua Sponte* **Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

REPORT AND RECOMMENDATION - 3

**Analysis of Plaintiff's Claims**.

*Section 1983*. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's proposed amended Complaint suffers from deficiencies related to personal participation. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

In the proposed amended Complaint, Plaintiff names the following Defendants: the State of Washington, Clallam County, Snohomish County, Brian King, Clallam County Sheriff, Mark B. Nichols, Clallam County Prosecutor, and Bob Ferguson, Washington State Attorney General. Dkt. 12. In addition, Plaintiff names two Defendants who do not appear to be state actors acting

under color of state law. *Id*. The Court will discuss personal participation as it relates these Defendants in turn.

### A.   State of Washington

Plaintiff names the State of Washington as a Defendant. Dkt. 12. Section 1983 applies to the actions of "persons" acting under the color of state law. The State of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Therefore, the State of Washington should not be named as a Defendant in an amended Complaint.

### B.   Clallam and Snohomish Counties

In the proposed amended Complaint, Plaintiff names Clallam and Snohomish Counties as Defendants. Dkt. 12. To set forth a claim against a municipality, a plaintiff must show the municipality employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts to show Clallam and Snohomish Counties are liable under § 1983. *See* Dkt. 12. Plaintiff does not identify a policy, custom, or pattern implemented by Clallam and Snohomish Counties which resulted in the depravation of Plaintiff's constitutional rights. *See id*. Therefore, he has failed to state claim upon which relief can be granted as it relates to these Defendants.

### C. Clallam County Sheriff

Plaintiff names Brian King, Clallam County Sheriff, as a Defendant. Dkt. 12. Plaintiff does not provide allegations, beyond conclusory statements, that Defendant King personally participated in any alleged unconstitutional violations. To the extent Plaintiff is naming Defendant King based on his supervisory position, Plaintiff cannot bring a § 1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Stated otherwise, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

### D. Clallam County Prosecutor & Washington Attorney General

Plaintiff names Mark B. Nichols, Clallam County Prosecutor, and Robert Ferguson, Washington Attorney General, as Defendants. Dkt. 12. Plaintiff has not shown how these Defendants personally participated in the alleged constitutional violations. Furthermore, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430–31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427).

### E. Non State Actors

Plaintiff names Calla Elaine Tronsen, his former spouse, and Lea Dawn Braack, their child, as Defendants. Dkt. 12. However, Plaintiff has not alleged facts sufficient to show these

Defendants were state actors acting under color of state law. Rather, based on the allegations in the proposed amended Complaint, these Defendants are private citizens. *See id*. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). In the proposed amended Complaint, Plaintiff claims these Defendants were allegedly involved in speaking with Snohomish County officials about Plaintiff. Dkt. 12. Their involvement resulted in an Order of Protection being issued against Plaintiff in Snohomish County which, in turn, caused Clallam County to deny Plaintiff a firearms license. *Id*. At most, Plaintiff has alleged these Defendants provided false statements about Plaintiff to Snohomish County officials. *Id*. There are no allegations these Defendants are state actors or that their actions were "clothed with governmental authority." Therefore, under the allegations contained in the proposed Complaint, these Defendants cannot be liable under § 1983 and Plaintiff has failed to state a claim upon which relief can be granted.

*State Law Claims*. Plaintiff is also attempting to assert state law claims against Defendants Tronsen and Braack. Dkt. 12. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims as well. *Artis v. District of Columbia*, 138 S. Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639–40. Here, Plaintiff has not stated a federal claim for relief against these Defendants and, therefore, it is recommended that the District Court not exercise supplemental jurisdiction over the state law claims.

REPORT AND RECOMMENDATION - 7

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff has been put on notice of the deficiencies of his proposed complaint, but did not cure the deficiencies. Dkts. 10, 12. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Conclusion.** The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the Complaint. Therefore, the Court recommends the case be dismissed for failure to state a claim and additional leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's Application to Proceed IFP be denied. Finally, the Court recommends that all other proposed Motions (Dkts. 6, 9-2, 9-3, 9-4) be stricken.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

*v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 15, 2023, as noted in the caption.

Dated this 22nd day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9